IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JARED RIBARDI                                                       PETITIONER

No. 4:24-cv-01028 JM/PSH

DEXTER PAYNE, Director,
Arkansas Division of Correction ("ADC")              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Jared Ribardi ("Ribardi") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 25, 2024. Ribardi is challenging his

1

August 2023 Pope County convictions for second-degree sexual assault and sexual indecency with a child (case "23-139") and two counts of financial identity fraud (case "22-881"). Ribardi, who pleaded *nolo contendere* to these charges, was sentenced to 10 years' imprisonment in 23-139 and 5 years' imprisonment in 22-881. No appeal was taken, nor was any state postconviction petition filed.

Ribardi submits four claims for relief:

1    He is actually innocent of sexual assault and sexual indecency with a child;

2    Violations of due process for: police using prosecutor's subpoena powers, prosecutor continuing with the case knowing Ribardi was innocent, having to defend against both criminal and civil cases, issues with his attorney, being denied the right to question witnesses, the court imposing jurisdiction on him, and the State impeding his access to evidence;

3    Interference with parental rights due to the custody of his daughter being awarded to her stepmother; and

4    Withholding of evidence by the State.

For relief, Ribardi asks "for all legal and equitable relief that can be given."

Doc. No. 2, page 14.

The respondent, Dexter Payne ("Payne") contends this petition should be dismissed because claims 2 and 4 are time-barred and procedurally defaulted, and because claims 1 and 3 are not proper habeas corpus claims. Payne is correct regarding the limitations and procedural default arguments. In addition, the claims are without merit even if the Court were to assume timeliness and procedural compliance.

The undersigned, in a February 10, 2025, Order, notified Ribardi of his opportunity to explain why claims 2 and 4 should not be dismissed as time-barred and procedurally defaulted. Doc. No. 17. Ribardi has responded to the Order, filing numerous pleadings, primarily exhibits and affidavits. See Doc. Nos. 18, 19, 21, 22, 23, 28, 33, and 34. Following Ribardi's submission, the undersigned directed Payne to file a supplemental response, and Payne filed an amended response on May 9, 2025. Doc. No. 50. Following the filing of Payne's amended response, Ribardi was allowed thirty days, or until June 12, 2025, to respond to Payne's pleading. Doc. No. 51. Ribardi has not filed a response.

Before turning to the various arguments, a review of the plea entered by Ribardi is instructive. The August 7, 2023 plea hearing occurred in Pope County,

with Ribardi represented by public defenders Samuel Eastman and Cody Bassham. The trial judge recited the charges against Ribardi: four charges in 22-881 and seven charges in 23-139. Ribardi acknowledged these charges. The trial judge then stated his understanding that Ribardi desired to change his plea from not guilty to no contest in accord with an agreement made with the prosecution. The judge explained to Ribardi that the prosecution would offer proof which, if legally sufficient, would allow him to "accept your no-contest plea, find you guilty, and sentence you in a way that's consistent with your agreement." Doc. No. 26, page 13.

    The prosecutor then recited the following with regard to 23-139: Ribardi would plead no contest to sexual assault in the second degree and sexual indecency with a minor, and the state could recommend a sentence of 120 months. The prosecutor stated the victim, under the age of 14, would testify to "multiple instances of oral sex, vaginal sex, penetration between the dates of 2015 and 2017" and to an incident at a Super 8 Motel where Ribardi exposed his sex organs to the victim for the purpose of sexual gratification. The prosecutor stated that if the victim were to testify she "would give a very detailed disclosure of the events of sexual contact and deviant sexual activity." Doc. No. 26, page 15. The parties stipulated that Ribardi was previously convicted of a sexual crime in Louisiana. As a result, he would not be eligible for parole. As previously noted, Ribardi was originally charged with

seven crimes in 23-139. The sentencing order reflected the five charges which were dismissed as part of the plea agreement: four charges of rape (a Y felony), and one charge of sexual grooming of a child (a D felony). Doc. No. 10-2.

The prosecutor next addressed 22-881, noting the no contest plea would be entered to two counts of financial identity fraud, and that two counts of theft of property would be dismissed as part of the deal. Doc. No. 10-3. The factual basis for the charges were described as unauthorized transfers of $83,000 occurring on July 9 and 27, 2022, from First State Bank to Ribardi's business, Next Step Remodeling.

Ribardi affirmed his desire to plead no contest to each of the charges described by the prosecutor in 23-139 and 22-881. The following exchange occurred:

> THE COURT: And is it your intention to be – to request that you be found guilty pursuant to the state made by the State?
>
> THE DEFENDANT: It's not my intention, but I don't have much of a choice.
>
> THE COURT: Well, but today you're requesting that I approve –
>
> THE DEFENDANT: Yes, sir.

>    THE COURT: -- that agreement; is that right?
>
>    THE DEFENDANT: Yes, sir.

Doc. No. 26, pages 23-24. The trial judge then confirmed with Ribardi that his entry of the pleas meant he was waiving some rights, such as the right to a jury trial and the right to require the prosecution to prove his guilt beyond a reasonable doubt. Ribardi affirmed his understanding of the plea agreement and confirmed he was entering the pleas voluntarily. Upon the formal entry of his pleas to the sexual crimes, the trial judge stated, "I'm accepting your pleas of no contest and find you guilty." Doc. No. 26, page 32.

The undersigned, after a thorough review of the pleadings and exhibits, finds the petition should be denied and the case dismissed for the following reasons.

**Statute of Limitations**

Section 101 of 28 U.S.C. 2244 (as amended) imposes a one-year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Payne, in his amended response, notes that judgments were entered in cases 23-139 and 22-881 on August 7, 2023. Doc. No. 50 at 5. According to Payne, the limitation period would have commenced on September 7, making the current petition timely only if filed on or before September 9, 2024. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015).[1] Ribardi filed his petition on November 25, 2024, more than two months after the limitation period elapsed. The Court finds that Payne's

---

[1] For purposes of 28 U.S.C. 2244, when a direct appeal is not filed, as in this case, a judgment becomes final 30 days after it is entered, even though there is no right to appeal for a defendant who pleads guilty or nolo contendere. *Camacho*, 774 F.3d at 934-35. Additionally, the period for filing extends to the first day that is not a Saturday, Sunday, or holiday. Fed. R. Civ. P. 6(a)(1)(C).

calculations are correct, and Ribardi failed to file his petition within the limitation period unless he can establish statutory or equitable tolling.

*Statutory Tolling*

Ribardi argues that the statute tolls the limitation period because, pursuant to 28 U.S.C. § 2244(1)(D), the factual predicate for his claim was not available until February 27, 2024, when, according to Ribardi, the victim made a statement recanting her prior statements and exonerating him.  *See* Doc. No. 23.  His petition is timely if the limitation period started in February 2024.

The alleged statements of the victim consist of a screenshot copy of purported text messages which Ribardi claims were exchanged between the victim and her mother.  The messages were allegedly produced by email message to Ribardi on February 29, 2024 by Jennifer Ribardi, the victim's mother.  The purported text messages provided by Ribardi state as follows:

> Individual A:  Jennifer Don't call or try to text me…I really don't want to talk to you because of everything…But I can't keep this hidden anymore…Jared did not do any…Of tha…He is not my dad anymore and I don't want him to be…And I don't want you to be my mom…Me and the others don't call him dad anymore…He will most likely be killed or die in jail…I am where I wanted to be…I was not going to let him give me back to you…Like mom and mamaw said he's an asshole and you're a useless bitch…The lawyer said I don't have to go back to you…Don't come around cause I will lose my new family….

Individual B: I always loved you and always will…you been minupilated and lie to.

Individual A: I probably won't be in trouble for lying because he will die in jail…Mom said all I had to do was say it and it was true…I'll never leave my new family…Mom made sure everyone knew about him…

Individual B: U have a brotger…Not from me.

Individual A: You need to leave me alone…Mom and mamaw said it was the right thing to do so.

Individual B: I not stop fughying…You should night lie.

Individual A: We did go to the hotel but he didn't do anything besides take me to eat and told me to shower and go to sleep.

Individual B: He was going guve u back me…was not.

Individual A: We are at waffle house…Mom said he did this to someone else before…I don't know who beliwve…I wish I wouldn't have been born…I doubt you ever lovedme…You wont let me be adopted and that's dumb…I don't care what happens to you or him….

Individual B: She told me she ran into girl girl you dad never did anything her.


Doc No. 2, pages 23-25 (and duplicates in Doc. No. 21-1, pages 45-47 and pages 60-62). The text messages do not identify the date on which they were sent. They also do not identify the identity of the participants other than a reference to "Jennifer" being one of them. One participant is identified by a phone number, and there is no credible evidence before the Court connecting the user and/or the

subscriber of that number to the victim. Additionally, even assuming Ribardi could establish the identity of the participants of and the relevance of the text messages, he does not establish that the date on which he claims to have become aware of the victim's purported statements was the first date he could have discovered the victim's testimony was false through the exercise of due diligence. These statements are insufficient to establish that the limitation period should have begun on February 27, 2024. Given the foregoing, the undersigned finds the "factual predicate" tolling provision of the statute does not operate to toll the limitation period.

*Equitable Tolling*

The absence of statutory tolling does not end the Court's analysis, however, since the failure to file a timely petition can be excused by equitable tolling:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted)*.

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Ribardi cites three reasons why the limitation period should be equitably tolled.  First, he claims the Pope County Clerk failed to provide him needed documents to appeal his convictions.  Ribardi supplies the Court with numerous letters to and from the Pope County Clerk to support this claim.  See Doc. No. 21-1, pages 200-213.  Having entered pleas of *nolo contendere*, Ribardi was not entitled to a direct appeal.  A Rule 37 postconviction petition was an option, however.  The correspondence with Pope County officials does not demonstrate that Ribardi was hindered by these officials in his efforts to file a timely Rule 37 petition.  Simply put, he fails to show cause-and effect in his dealings with Pope County officials for his failure to file a timely Rule 37 petition.

Ribardi next alleges the limitation period should be equitably tolled because the ADC destroyed documents.  This argument fails for the same reason as the first argument – Ribardi fails to establish a causal connection.  In other words, even if documents were destroyed he does not demonstrate that the destruction prevented him from timely seeking habeas relief.[2]

---

[2] Ribardi's numerous pleadings and arguments are not easily categorized.  It is possible that he maintains various attorneys failed him in his attempt to timely file a habeas petition.  To the extent that he makes this argument, it fails.  While constitutionally entitled to effective counsel at trial and on direct appeal, Ribardi had no constitutional right to an attorney after his conviction became final, either in state postconviction proceedings or in

Finally, Ribardi proclaims his actual innocence, both as a free-standing claim for relief and as a fact which equitably tolls the limitation period.  This assertion does not equitably toll the limitation period.  The Supreme Court, in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), held that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations.  The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare.  To advance a tenable claim, Ribardi must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).

The Court went on to set the standard required of Ribardi; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  513 U.S. at 327.  This demanding standard is difficult to meet, especially when Ribardi entered a plea of *nolo contendere*.  Ribardi leans

---

federal habeas proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).  In the absence of any right to counsel, Ribardi cannot demonstrate ineffective assistance as a basis for equitable tolling.

heavily on his belief that his plea of *nolo contendere* is unlike a guilty plea.  This belief is mistaken.  A guilty plea is "an admission of guilt that waives all non-jurisdictional defects."  *See United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).  "Stated differently, a valid guilty plea forecloses an attack on a conviction unless on the face of the record the court had no power to enter the conviction or impose the sentence."  *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) [internal quotations omitted].  A plea of *nolo contendere* is viewed likewise, that is, "a plea of *nolo contendere* is an admission of guilt that waives all non-jurisdictional defects and defenses."  *See United States v. Jones*, 479 F.3d 975, 978 (8th Cir. 2007).  Having admitted his guilt at the plea hearing, Ribardi now contends he is innocent and that no reasonable juror could find him guilty.  The unverified text message excerpts offered by Ribardi fall far short of satisfying the standard.

Even if the undersigned were to generously assume the texts amounted to a recantation, the result would be the same.  If there were a new trial the jury would be faced with a credibility decision on whether to credit the victim's first version of the crimes or to believe the subsequent texts.[3]  A reasonable juror could certainly

---

[3] Lost in Ribardi's embrace of the text messages is the fact that five other sexual charges, spanning a three-year period, were dismissed as part of his plea agreement.  The texts do not mention his innocence to these charges.

find the first statement credible and find Ribardi guilty.  *See McCaslin v. Kelley*, No. 5:17-CV-0077-KGB-JTK, 2019 WL 8112638, at *2–3 (E.D. Ark. Mar. 22, 2019), *report and recommendation adopted,* No. 5:17-CV-00077-KGB, 2020 WL 1015749 (E.D. Ark. Mar. 2, 2020) (in a case where the petitioner pled guilty, the rape victim's later recantation did not completely negate her initial statement and disclosures to the police, noting the "Eighth Circuit Court of Appeals has consistently held that '[c]ourts look upon recantations with suspicion.' *United States v. Miner*, 131 F.3d 1271, 1273 (8th Cir. 1997).  This is 'especially applicable of cases of child sexual abuse where recantation is a recurring phenomenon.' *United States v. Provost*, 969 F.2d 617, 621 (8th Cir. 1992)").  *See also Carter v. Kelley*, 2019 WL 30000803 (E.D. Ark. June 13, 2019) (petitioner who pled guilty to murder not entitled to actual innocence exception in *McQuiggin v. Perkins* because of subsequent affidavits executed by his co-defendants stating that petitioner did not "actually kill" the victim).  In summary, Ribardi does not offer the "new reliable evidence" envisioned in *Schlup v. Delo, supra.*  As a result, Ribardi fails to establish actual innocence as a pathway to defeating the limitations period.

None of the reasons advanced by Ribardi equitably toll the limitation period.  Coupled with the absence of any statutory tolling, the limitation period expired two

months before Ribardi filed this habeas corpus petition. Accordingly, the petition should be dismissed as untimely.

Even if the petition were timely filed, the Court finds that the claims advanced are without merit. Claims two and four allege misconduct and errors by the police, the prosecutor, and the trial court. These claims are without merit because, as previously noted, "a plea of *nolo contendere* is an admission of guilt that waives all non-jurisdictional defects and defenses." *See United States v. Jones*, 479 F.3d 975, 978 (8th Cir. 2007). Claim three deals with the custody rights of a child, a claim that is not cognizable in a habeas corpus action.

The remaining claim is Ribardi's assertion of actual innocence, previously addressed and rejected in the context of equitable tolling. He now advances this as a freestanding claim of actual innocence. This argument fails. In *Herrera v. Collins*, 506 U.S. 390, 404, the Supreme Court "makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." The Court went on to comment that, hypothetically, a "truly persuasive" demonstration of actual innocence might be made in a capital case, although the threshold showing "would necessarily be extraordinarily high." *Id.* at 417; *see also Guinan v. Delo*, 7 F.3d 111, n. 1 (8th Cir. 1993) (even if *Herrera*

is interpreted to establish an actual innocence claim, a "strong, highly persuasive showing" would be required). This much is clear -- Ribardi's claim of actual innocence as his gateway past the limitation period barrier was deficient. Any hypothetical freestanding claim of actual innocence would demand much more than the gateway showing which he failed to meet. It follows that there is no merit in claim one.

In summary, Ribardi entered his *nolo contendere* pleas as part of his agreement with the prosecution.[4] His reliance now on text messages purportedly exchanged by the victim and her mother does not establish his actual innocence, either as a freestanding claim or as a gateway allowing him to avoid the limitation barrier.[5] Even if the undersigned were to assume the limitation period was tolled, either by the statute or equitably, the claims are without merit.

The petition should be dismissed with prejudice, and the requested relief denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section

---

[4] Ribardi complains that his attorneys unfairly advised him that if found guilty at trial he could face 200 years' imprisonment or life. Doc. No. 23, page 3. This advice was not erroneous, as Ribardi's agreement resulted in the dismissal of four Y felony charges of rape. Doc. No. 10-2.

[5] Ribardi's claims are also procedurally barred. He did not raise the claims in state court, and has not shown cause and prejudice for this omission.

2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 1st day of July, 2025.

_____
UNITED STATES MAGISTRATE JUDGE